IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BUSSE COMBAT KNIFE COMPANY,<br><br><br>Defendant.<br>_____/ | Civil Action No.<br>HONORABLE<br><br><br><br><br><br><br><br>**COMPLAINT<br>AND JURY TRIAL<br>DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Grant Boss ("Boss") who was adversely affected by such practices. As alleged with greater particularity in paragraphs 13-19 below, the

1

Commission alleges that the Defendant, Busse Combat Knife Company, violated the ADA by discharging Boss because Defendant regarded Boss as disabled.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and

enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Busse Combat Knife Company (the "Employer") has continuously been an Ohio corporation doing business in the State of Ohio and City of Wauseon and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## **ADMINISTRATIVE PROCEDURES**

7. More than thirty days prior to the institution of this lawsuit, Grant Boss filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8. On August 9, 2017, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On September 22, 2017, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least June 15, 2016, Defendant Employer engaged in unlawful employment practices at its Wauseon, Ohio, facility in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

14. Grant Boss is an individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). He has an impairment, generalized anxiety disorder, and Defendant Employer fired him because of his impairment.

15. On June 15, 2016, Boss suffered an anxiety attack and left work early.

16. He notified his supervisor via a text message that he had suffered an anxiety attack and asked if he could return to work the next day.

17. In response, the Defendant's owner and founder texted the following:

You will be written up for leaving without permission and may

be let go for not disclosing this in your interview or any time since your initial date of hire.

I will need a note from your doctor saying that you are permitted to work around weapons and that your medication does not have any side effects that could hamper your job performance or endanger you and/or fellow employees before you can return to work.

I will need this in writing within 5 working days.

18. On June 22, 2016, Boss submitted a medical note stating that he was suffering from generalized anxiety disorder but that he was able to perform all job functions "without reservations."

19. After meeting in person with the owner on July 1st, 2016, Boss was then terminated. Defendant fired Boss because of his generalized anxiety disorder.

20. The effect of the practices complained of in paragraphs 13-19 above has been to deprive Boss of equal employment opportunities and otherwise affect his status as an employee because Defendant regarded him as disabled.

21. The unlawful employment practices complained of in paragraphs 13-19 above were intentional.

22. The unlawful employment practices complained of in

paragraphs 13-19 above were done with malice or with reckless indifference to the federally protected rights of Boss.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

    A.    GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from suspending and/or terminating employees on the basis of disability.

    B.    ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

    C.    ORDER Defendant Employer to make whole Boss by providing appropriate back pay with prejudgment interest and benefits, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the reinstatement of Boss or

ordering front pay in lieu of reinstatement.

    D.    ORDER Defendant Employer to make whole Boss by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-19 above, in amounts to be determined at trial.

    E.    ORDER Defendant Employer to make whole Boss by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13-19 above, including but not limited to, inconvenience, loss of enjoyment of life, anxiety, humiliation, emotional pain and suffering, in amounts to be determined at trial.

    F.    ORDER Defendant Employer to pay Boss punitive damages for its malicious and reckless conduct, as described in paragraphs 13-19 above, in amounts to be determined at trial.

    G.    GRANT such further relief as the Court deems necessary and proper in the public interest.

    H.    AWARD the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of

fact raised by its complaint.

Date: January 18, 2018              Respectfully submitted,

                                    EQUAL EMPLOYMENT
                                    OPPORTUNITY COMMISSION


                                    /s/ Omar Weaver
                                    Supervisory Trial Attorney
                                    Detroit Field Office

                                    /s/ Dale Price (P55578)
                                    Senior Trial Attorney
                                    Detroit Field Office
                                    477 Michigan Ave., Room 865
                                    Detroit, MI 48226
                                    (313) 226-7808
                                    Dale.Price@eeoc.gov